**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PACIFIC CENTURY INTERNATIONAL, LTD., | ) | |
| | ) | CASE NO. 4:12-cv-00536 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge: The Honorable Sim Lake |
| | ) | |
| JOHN DOE, | ) | |
| | ) | **AMENDED COMPLAINT** |
| Defendant. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## COMPLAINT

Plaintiff, Pacific Century International, LTD., by and through its undersigned counsel, hereby files this Complaint requesting damages and injunctive relief, and alleges as follows:

## INTRODUCTION

1.          This action has been filed by Plaintiff to combat the willful and intentional infringement of its copyrighted creative works and includes a civil claim for copyright infringement.  Plaintiff had previously filed an action for copyright infringement under the United States Copyright Act and related claims against multiple John Does, including the John Doe known to Plaintiff and identified in this Complaint only by his Internet Protocol ("IP") address of 74.197.27.182. Through that action, now dismissed, Plaintiff was able to identify the account holder corresponding to the relevant IP address above as **Stephen Cumby**.  Plaintiff requires further discovery to determine who the Defendant is, because the account holder is not necessarily the copyright infringer.  However, the relevant knowledge, records, and data necessary to identify Defendant are in the sole possession and control of **Stephen Cumby**.

2.     Plaintiff files this action for copyright infringement under the United States Copyright Act and a related civil conspiracy claim under the common law to combat the willful and intentional infringement of its creative works.  Defendant John Doe, whose name Plaintiff expects to ascertain during discovery, illegally reproduced and distributed Plaintiff's copyrighted video by acting in concert with others via the BitTorrent file sharing protocol and upon information and belief, continues to do the same.  Plaintiff seeks a permanent injunction, statutory or actual damages, award of costs and attorney's fees, and other relief.

## THE PARTIES

3.     Plaintiff, Pacific Century International, Ltd., is a limited partnership organized and existing under the laws of the Republic of Malta, with its principal place of business located in Sliema, Malta. Plaintiff is the exclusive holder of the relevant rights with respect to the copyrighted creative work at issue in this Complaint. Plaintiff is the producer of adult entertainment content.  Plaintiff invests significant capital in producing the content associated with its brand and has produced substantial numbers of videos and photographs.  The copyrighted work at issue here is one of these adult videos, "Amateur Creampies – Farrah" (the "Video").

4.     Defendant's actual name is unknown to Plaintiff.  Instead, Defendant is known to Plaintiff only by the IP address 74.197.27.182, which is a number that is assigned to devices, such as computers, that are connected to the Internet. In the course of monitoring Internet-based infringement of its copyrighted content, Plaintiff's agents observed the above-mentioned IP address engaging in infringing activity.  Plaintiff believes that the Defendant's true identity will be revealed in discovery, at which time Plaintiff will seek leave of the Court to amend this Complaint to state the identity, if necessary. Further, Plaintiff believes that the information

gathered in discovery will allow Plaintiff to identify additional Defendants, potentially, as infringement monitoring is ongoing.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked under 17 U.S.C. §§ 101-1332 as the Plaintiff's cause of action arises under the Copyright Act; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

6.      This Court has personal jurisdiction over Defendant. Although the true identity of Defendant is unknown to Plaintiff at this time, on information and belief, Defendant resides in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

7.      Venue in this District is proper under 28 U.S.C. §§ 1391(b) and/or 1400(a). Although the true identity of Defendant is unknown to Plaintiff at this time, on information and belief Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

## BACKGROUND

8.      BitTorrent is a modern method ("protocol") for distributing data via the Internet.

9.      Traditional file transfer protocols involve a central server, which distributes data directly to individual users. Under such protocols, a central server can become overburdened and the rate of data transmission can slow considerably or cease altogether when large numbers of users request data from the server all at once. In addition, the reliability of access to the data stored on a server is largely dependent on the server's ability to continue functioning for prolonged periods of time under high resource demands.

10.     In contrast, the BitTorrent protocol is a decentralized method of distributing data.

Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data directly to one another. Under the BitTorrent protocol, every user simultaneously receives information from and transfers information to one another.

11.     In BitTorrent vernacular, individual downloaders/distributors of a particular file are called peers. The aggregate group of peers involved in downloading/distributing a particular file is called a swarm. A server which stores a list of peers in a swarm is called a tracker. A computer program that implements the BitTorrent protocol is called a BitTorrent client. Each swarm is unique to a particular file.

12.     The BitTorrent protocol operates as follows. First, a user locates a file (a "torrent" file) that contains background information about the file the user wishes to download along with a list of trackers that maintain a list of peers in the swarm that is distributing that particular file. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the trackers listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

13.     Recent advances in the BitTorrent protocol have reduced the importance of trackers. The introduction of distributed hash tables allows participating peers to serve as "mini-trackers".  The peer-exchange protocol allows peers to share information about other peers in the swarm, which was previously an exclusive function of trackers.

14.     The degree of anonymity provided by the BitTorrent protocol is extremely low. Because the protocol is based on peers connecting to one another, a peer must broadcast identifying information (i.e. an IP address) before it can receive data. Nevertheless, the actual names of peers in a swarm are unknown, as the users are allowed to download and distribute under the cover of their IP addresses. The BitTorrent protocol is an extremely popular method

for transferring data. Studies have estimated that the BitTorrent protocol accounts for as much as half of all Internet traffic in certain parts of the world. The size of swarms for popular files can reach into the tens of thousands of unique peers. A swarm will commonly have peers from many, if not every, state in the United States and several countries around the world.

15.     The BitTorrent protocol is also an extremely popular method for unlawfully copying, reproducing and distributing files in violation of the copyright laws of the United States. A broad range of copyrighted albums, audiovisual files, e-books, photographs, software and other forms of media are available for illegal reproduction and distribution via the BitTorrent protocol.

16.     Efforts at combating BitTorrent-based copyright infringement have been stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and efficient means of transferring enormous quantities of data also acts to insulate it from efficient anti-piracy measures.

### COUNT I – COPYRIGHT INFRINGEMENT
### (U.S. Copyright Act – 17 U.S.C. Sec 101-1332)

17.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

18.     At all times relevant hereto, Plaintiff has been the producer and owner of the photographic and audiovisual works copied, reproduced and distributed by Defendant via the BitTorrent protocol.

19.     Defendant, without Plaintiff's authorization or license, intentionally downloaded torrent files, purposefully loaded the torrent files into BitTorrent clients, entered a BitTorrent swarm particular to Plaintiff's copyrighted creative works and reproduced and distributed the same to hundreds of third parties.

20.     Defendant has never been authorized by Plaintiff to reproduce or distribute the

Plaintiff's copyrighted creative works.

21.     Defendant's conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

22.     Defendant knew, should have known, or had constructive knowledge that his acts constituted copyright infringement.

23.     Defendant's conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights.

24.     Plaintiff has been damaged by Defendant's conduct, including but not limited to economic and reputation losses.  Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all the possible damages stemming from the Defendant's conduct.

25.     Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

26.     As Defendant's infringement was intentional and willful, the Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

27.     As a result of their wrongful conduct, Defendant is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. §§ 101-1332.

## COUNT II – CIVIL CONSPIRACY

28.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

29.     In using the peer-to-peer BitTorrent file distribution method, Defendant participated in, aided in, attempted to aid in, or at least knew of the formation and operation of a common-plan conspiracy to unlawfully reproduce and distribute the Video in a unique and specific torrent swarm.  Defendant engaged in concerted tortious action with other unnamed

third-party individuals to reproduce and distribute Plaintiff's Video by mutually exchanging pieces of the Video files.

30. Defendant was an active participant in downloading a torrent file, opening it using a BitTorrent client, and then entering a torrent swarm comprised of other individuals improperly distributing and reproducing Plaintiff's Video without permission.

31. Participants in the unique and specific torrent swarm distributing the Video file – including Defendant – have conspired to provide other individuals with pieces of the Video file in exchange for receiving other pieces of the same Video file, with the mutual goal and result of eventually obtaining complete copies of the Video.

32. In furtherance of this civil conspiracy, Defendant committed overt tortious and unlawful acts by using BitTorrent software to download the Video from and distribute it to others, and was a willful participant in this joint activity.

33. As a proximate result of this conspiracy, Plaintiff has been damaged by Defendant's conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all the possible damages stemming from the Defendant's conduct.

## JURY DEMAND

34. Plaintiff hereby demands a jury trial in this case.

## PRAYER

**WHEREFORE**, Plaintiff respectfully requests judgment against each Defendant as follows:

1) Judgment against Defendant that he or she has: a) willfully infringed Plaintiff's rights in federally registered copyrights pursuant to 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint.

2)      Judgment in favor of the Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. § 504 at the election of Plaintiff, in an amount to be ascertained at trial;

3)      Order of impoundment under 17 U.S.C. §§ 503 & 509 (a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendant's possession or under his or her control.

4)      On Count II an order that Defendant is jointly and severally liable to the Plaintiff in the full amount of the Judgment on the basis of common law claim for civil conspiracy to commit copyright infringement against Defendant and his or her co-conspirators; for an award of compensatory damages in favor of the Plaintiff and against Defendant and his or her co-conspirators, jointly and severally, in an amount to be determined at trial;

5)      Judgment in favor of Plaintiff against the Defendant awarding the Plaintiff attorney's fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action; and

6)      Judgment in favor of the Plaintiff against the Defendant, awarding Plaintiff declaratory and injunctive or other equitable relief as may be just and warranted under the circumstances.

Respectfully submitted,

PACIFIC CENTURY INTERNATIONAL, LTD.

**DATED:** March 16, 2012

By:     **DOUGLAS M. MCINTYRE & ASSOCIATES**

/s/ Douglas M. McIntyre
**DOUGLAS M. MCINTYRE (TX# 13681800)**
720 North Post Oak Road, Suite 610

-12-

Houston, Texas 77024
(713) 681-2611
(713) 461-3697– facsimile
COUNSEL FOR PLAINTIFF